UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL-STEVE COX,<br><br>    Plaintiff<br><br>v.<br><br>ATTORNEY GENERAL FORD, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00047-ART-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 4, 5 |

This Report and Recommendation is made to the Honorable Anne Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), filed a complaint under the Freedom of Information Act (FOIA) against Nevada Attorney General Ford and the State of Nevada. (ECF No. 1-1.) The complaint was not accompanied by an application to proceed *in forma pauperis* (IFP) or the filing fee.

On February 14, 2022, the court issued an order giving Plaintiff 30 days to file a completed IFP application for an inmate, along with the required financial certificate, or pay the $402 filing fee (consisting of the $350 filing fee and $52 administrative fee). (ECF No. 3.)

On March 1, 2022, Plaintiff filed an IFP application (ECF No. 4) as well as a motion for the appointment of counsel (ECF No. 5).

/ / /

/ / /

On at least three prior occasions, this court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals commenced by Cox while incarcerated as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed IFP and, instead, must pay the full $402 filing fee in advance unless he satisfies the requirement of being "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must determine whether the complaint adequately alleges that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-55 (9th Cir. 2007). In addition, for the imminent danger exception to apply, the complaint must show a nexus between the imminent danger alleged and a cause of action it asserts. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *Stine v. Fed. Bureau of Prisons*, Case No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *2-6 (E.D. Cal. Sept. 9, 2015); *White v. Montgomery*, Case No. 3:18-cv-00877-CAB-PCL, 2018 WL 3007956, at *2 (S.D. Cal. June 15, 2018).

Plaintiff's complaint is brought under FOIA, and Plaintiff seeks to compel the disclosure of the names and addresses of employees of the North Las Vegas Police Department, the North Las Vegas Coroner's Office (and the deputy coroner), the North Las Vegas/Las Vegas paramedics and ambulance services in March of 1990 during the week after Saint Patrick's Day.

---

[1] *See e.g., Cox v. State of Nevada*, Case No. 3:11-cv-00619-LRH-VPC; *Cox v. Benedetti*, Case No. 3:10-cv-00129-LRH-VPC; *Cox v. Bath*, Case No. 3:03-cv-00275-ECR-RAM; *In re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-483-LRH); *In re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-17-RCJ). The court takes judicial notice of its prior records in the above matters.

He claims that his requests for these documents have been denied. He seeks an order compelling disclosure of this information. Plaintiff includes vague reference to his participating in a hunger strike. However, nowhere in the complaint does Plaintiff allege he is in imminent danger of serious physical injury in connection with the failure to produce the requested documents. Therefore, the imminent danger exception does not apply here.

Accordingly, Plaintiff's IFP application (ECF No. 4) should be denied, and Plaintiff should be required to pay the full $402 filing fee.

Plaintiff's motion for the appointment of counsel (ECF No. 5) should be denied without prejudice. Plaintiff may renew his motion once he has paid the $402 filing fee.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** Plaintiff's IFP application (ECF No. 4), and giving Plaintiff 30 days from the date of any order adopting this report and recommendation to pay the full $402 filing fee. If Plaintiff fails to timely pay the $402 filing fee, his action should be dismissed without prejudice. The Clerk should be directed to send Plaintiff two copies of any order adopting this report and recommendation, and Plaintiff should make the necessary arrangements to have one copy of the order attached to the check paying the filing fee.

(2) **DENYING** the motion for appointment of counsel (ECF No. 5) without prejudice.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 22, 2022

_____
Craig S. Denney
United States Magistrate Judge