UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL-STEVE COX, | Case No. 3:22-cv-00047-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| ATTORNEY GENERAL FORD, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Michael-Steve Cox brings this action under the Freedom of Information Act (FOIA) against Nevada Attorney General Ford and the State of Nevada (ECF No. 1-1). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 7), recommending the denial of Plaintiff's IFP application (ECF No. 4) and Plaintiff's motion for appointment of counsel (ECF No. 5). Plaintiff had until May 6, 2022 to file an objection. To date, no objection to the R&R has been filed.[1] For this reason, and as explained below, the Court adopts the R&R, and denies both motions without prejudice until Plaintiff timely files the full $402 filing fee.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v.*

---

[1] Plaintiff did file a "Notice re IFP-Motion "Imminent Dangers Status" (ECF No. 8) and "Motion/Notice of removal (F.O.I.A.) claims to 8th JDC 'criminal' origins, (alternative) reconsider ($5.00) FRCP IFP statute/appointment of counsel" (ECF No. 9). At most, these filings elaborate alleged unfair treatment by prison staff as to the amount of food given to Plaintiff. Neither of these filings comply with LR IB 3-2, and this Court considers neither to constitute objections to Magistrate Judge Denney's Report and Recommendation. (ECF No. 7).

*Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. The Court incorporates Judge Denney's analysis by reference here. Judge Denney recommends denying Plaintiffs' motions because Plaintiff has filed at least three prior actions[2] while incarcerated that this Court and the Ninth Circuit Court of Appeals have dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (ECF No. 7 at 2). 28 U.S.C. § 1915(g) requires prisoners who have filed three or more actions that were later dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted to pay the full $402 filing fee in advance unless the prisoner satisfies the requirement of being "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As Plaintiff has filed three prior actions meeting the criteria in § 1915(g), the full filing fee will be due unless Plaintiff is "under imminent danger of serious physical injury." This Court agrees with Magistrate Judge Denney that Plaintiff has not demonstrated that this is the case.

As Magistrate Judge Denney noted, "for the imminent danger exception to apply, the complaint must show a nexus between the imminent danger alleged and a cause of action it asserts." (ECF No. 7 at 2) *citing Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *Stine v. Fed. Bureau of Prisons*, Case No. 1:13-

---

[2] *See e.g., Cox v. State of Nevada*, Case No. 3:11-cv-00619-LRH-VPC; *Cox v. Benedetti*, Case No. 3:10-cv-00129-LRH-VPC; *Cox v. Bath*, Case No. 3:03-cv-00275-ECR-RAM; *In re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-483-LRH); *In re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-17-RCJ). The court takes judicial notice of its prior records in the above matters.

cv-1883 AWI MJS, 2015 WL 5255377, at *2-6 (E.D. Cal. Sept. 9, 2015); *White v. Montgomery*, Case No. 3:18-cv-00877-CAB-PCL, 2018 WL 3007956, at *2 (S.D. Cal. June 15, 2018). Here, Plaintiff attempts to compel disclosure of documents under FOIA via this action. (ECF No. 1-1). As Magistrate Judge Denney noted, Plaintiff does not connect the "imminent danger" Plaintiff cites—allegedly racially motivated allocation of food—with his attempt to obtain documents through FOIA. (ECF Nos. 1-1; 8 at 2-3). Therefore, the absence of a nexus between the alleged danger and Plaintiff's cause of action here, coupled with Plaintiff's previous actions, requires this Court to order Plaintiff to pay the full filing fee of $402 if he wishes to continue with this action.

The Court agrees with Magistrate Judge Denney. Having reviewed the Report and Recommendation and the record in this case, the Court will adopt the Report and Recommendation in full.

It IS THEREFORE ORDERED that Judge Denney's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

IT IS FURTHER ORDERED that Plaintiff's IFP application (ECF No. 4) is DENIED without prejudice. Plaintiff will have thirty (30) days from the date of this order to pay the full $402 filing fee. If Plaintiff fails to timely pay the $402 filing fee, his action will be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk is directed to send Plaintiff two copies of this order, and Plaintiff should attach one copy of this order to the check paying the filing fee.

DATED THIS 19th Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE