UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL-STEVE COX,<br><br>    Plaintiff<br><br>v.<br><br>ATTORNEY GENERAL FORD, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00047-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), filed a complaint under the Freedom of Information Act (FOIA) against Nevada Attorney General Aaron Ford and the State of Nevada. (ECF No. 1-1.) Plaintiff seeks to compel disclosure of the names and addresses of employees of the North Las Vegas Police Department, the North Las Vegas Coroner's Office (and the deputy coroner), the North Las Vegas/Las Vegas paramedics and ambulance services in March of 1990 during the week after Saint Patrick's Day. The complaint was not accompanied by an application to proceed *in forma pauperis* (IFP) or the filing fee.

On February 14, 2022, the court issued an order giving Plaintiff 30 days to file a completed IFP application for an inmate, along with the required financial certificate, or pay the $402 filing fee (consisting of the $350 filing fee and $52 administrative fee). (ECF No. 3.)

On March 1, 2022, Plaintiff filed an IFP application (ECF No. 4) as well as a motion for the appointment of counsel (ECF No. 5).

On at least three prior occasions, this court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals commenced by Plaintiff while incarcerated as frivolous, malicious, or for failure to state a claim upon which relief may be granted; therefore, he has three strikes.[1] 28 U.S.C. § 1915(g). Prisoners who have three strikes must pay the full $402 filing fee in advance unless the inmate satisfies the requirement of being "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For the imminent danger exception to apply, the complaint must show a nexus between the imminent danger alleged and a cause of action it asserts. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *2-6 (E.D. Cal. Sept. 9, 2015); *White v. Montgomery*, No. 3:18-cv-00877-CAB-PCL, 2018 WL 3007956, at *2 (S.D. Cal. June 15, 2018).

Plaintiff makes a vague reference to his participation in a hunger strike. However, nowhere in the complaint does Plaintiff allege he is in imminent danger of serious physical injury in connection with the failure to produce the requested documents. As such, the court issued a report and recommendation that the IFP application be denied and that Plaintiff be required to pay the full $402 filing fee. (ECF No. 7.) Chief Judge Du adopted the report and recommendation on September 19, 2022, and the court gave Plaintiff 30 days to pay the full filing fee, or his action would be dismissed without prejudice. (ECF No. 10.)

To date, Plaintiff has not paid the $402 filing fee. Therefore, this action should be dismissed without prejudice.

---

[1] *See e.g., Cox v. State of Nevada,* No. 3:11-cv-00619-LRH-VPC; *Cox v. Benedetti*, No. 3:10-cv-00129-LRH-VPC; *Cox v. Bath*, No. 3:03-cv-00275-ECR-RAM; *In re Steve Michael Cox*, Case No. 12-8061 (appeal to Ninth Circuit Court of Appeals of case CV-12-483-LRH). The court takes judicial notice of its prior records in the above matters.

# RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and **DENYING AS MOOT** Plaintiff's pending motion regarding removal of his FOIA claims to the Eighth Judicial District Court (ECF No. 9).

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 7, 2022

_____
Craig S. Denney
United States Magistrate Judge

3